IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT CRUZ,

    Petitioner,                No. CIV S-08-1378 FCD EFB P

    vs.

KNOWLES, Warden,

    Respondent.            <u>ORDER</u>

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. For the reasons explained below, the court finds that his petition must be dismissed with leave to amend. *See* Rule 4, Rules Governing § 2254 Proceedings.

    A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

1

Rule 4, Rules Governing § 2254 Proceedings. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases. The court liberally construes the allegations of a prisoner proceeding without counsel. *See Roy v. Lampert*, 465 F.3d 694, 970 (9th Cir. 2006). However, the court cannot grant relief based on conclusory allegations not supported by any specific facts. *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Here, pursuant to a plea of guilty, on July 20, 2005, petitioner was convicted of various offenses in the Sacramento County Superior Court. He does not state in the petition the facts he alleges that might show that he is entitled to relief. Instead, he refers the court to an attached document. That attachment is a form petition for a writ of habeas corpus that he previously filed in the California Supreme Court. He apparently intends to assert in this federal petition the same claim asserted in that state petition. In the portion of that state form for articulating the grounds for relief, petitioner wrote, "ineffective assistance of counsel unconstitutional prior." Petition for Writ of Habeas Corpus (hereafter "Pet."), fourth unnumbered attached page.[1] In the portion of the form for stating alleged facts supporting the ground for relief, petitioner wrote, "Comes now petitioner with his notice of appeal. Request for appointment of counsel." *Id.* Petitioner sought review of the trial court's denial of petitioner's "petitions for writ of habeas corpus, motions, letters, requests and lawsuits'"and an order striking a prior conviction used to enhance his sentence and, finally, an order sentencing him to a drug rehabilitation program. Pet., attached page 7. It seems that petitioner believed that when he entered his plea of guilty, his rights under *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)[2], had been violated. He also appears to

---

[1] There are no pages distinguishing the attachments either from the federal petition or from each other. Instead, petitioner merely attaches various documents totaling nine pages.

[2] In *Boykin*, the United States Supreme Court held that in order for a plea to withstand a challenge to its voluntariness, the record before the trial court must affirmatively demonstrate that the petitioner knowingly and intelligently waived the constitutional rights associated with a

challenge the use of a prior conviction in the determination of the length of his sentence, but the grounds for this challenge are not stated.

The state appellate court did not reach the merits. Rather it found, based on California law, that the trial court did not have jurisdiction. *Id.* at 7-8. It also concluded that the appellate court lacked jurisdiction over the appeal. *Id.* at 8. Petitioner sought review in the California Supreme Court, which denied relief on the ground that it was untimely and successive, and failed to allege facts that might entitle him to relief. *Id.* at 1.

Having read the petition and attachments in their entirety, the court finds that petitioner has not alleged facts sufficient to serve the petition. His sparse allegations are conclusory at best; and where he actually asserts allegations they do not state a claim for relief. While it does not appear that the petitioner is entitled to habeas relief, it is not clear that he cannot cure the defects in his petition. If petitioner wishes to pursue a claim under *Boykin v. Alabama*, 395 U.S. at 242-43, he must file an amended petition.

Accordingly, it is hereby ORDERED that:

1. Petitioner has 30 days from the date this order is served to file an amended petition containing his claim under *Boykin v. Alabama*, 395 U.S. at 242-43, that complies with the applicable rules of practice outlined above. Failure to file an amended petition will result in a recommendation that this action be dismissed. *See* Rule 4, Rules Governing § 2254 Proceedings.

2. The Clerk of the Court is directed to serve a copy of the June 18, 2008, petition with any and all attachments and this order on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California. *See* Rule 4, Federal Rules Governing § 2254 Cases.

Dated: April 14, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

trial. *Boykin*, 395 U.S. at 242-43.

3