IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT CRUZ,

    Petitioner,                    No. CIV S-08-1378 FCE EFB P

    vs.

KNOWLES, Warden, et al.,

    Respondents.               ORDER

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He previously filed an application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The court has reviewed the application and finds that petitioner is unable to afford the costs of suit. Accordingly, his request to proceed *in forma pauperis* is granted.

       Currently pending is petitioner's June 4, 2009, request for this court to direct the Sacrament Superior Court to provide him with copies of all transcripts from his trial. For the reasons explained below, this request must be dismissed.

       As a preliminary matter, the court notes that the instant motion does not address whether he has offered to pay for the transcripts or whether he seeks the transcripts at no cost. Because he proceeds *in forma pauperis* in this action the court construes the motion as a request for the

1

1 transcripts without having to pay for them.

2     Turning to the pending request, the court finds that there is no basis for granting it. Petitioner cites no authority for his request that this court can order the Sacramento County Superior Court to provide him with a free transcript.  Trial courts must provide transcripts to indigent criminal defendants who utilize the remedy of direct appeal when a state makes this remedy available to all defendants, regardless of ability to pay.  *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).  This is an extension of the proposition that the poor must not be denied the right to defend themselves at trial because of the inability to pay for a defense.  *Id.* at 18.  *Griffin* rests on the understanding that direct appeals have become integral to the final adjudication of criminal prosecutions.  *Id.* at 18-19.  However, a petition for a writ of habeas corpus in federal court is a remedy distinct from proceedings in state court.  *See* 2254 U.S.C. § 2254.  As such, it is not part of the state's processes in which criminal charges are adjudicated.  Therefore, there no basis for ordering the state court to provide transcripts free of cost.[1]  Petitioner's motion must be denied.

    Accordingly, it is ORDERED that petitioner's June 4, 2009, motion is denied.

Dated:  September 10, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  However, federal statute provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.  Petitioner has neither indicated that the transcripts he seeks have been filed with this court, nor requested that this court provide him with any documents or portion of the state court record that has been filed with this court.